RECEIVED
IN ALEXANDRIA, LA
JUN 1 0 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE HACK (#180188) | CIVIL ACTION NO. 09-cv-413; SEC.P |
| VERSUS | JUDGE JAMES T. TRIMBLE |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on March 11, 2009, by *pro se* plaintiff Ronnie Hack and an Amended Complaint filed on March 25, 2009. Plaintiff is currently incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff complains that he was wrongfully denied admittance to a "work release" program, and he argues that time spent in the "cell block" was unconstitutional. He names as defendants Corrections Corporation of America / Tennessee, LLC (CCA), Winn Correctional Center, Tim Wilkinson, Officer Harris, B. Johnson, Ms. Kennedy, Louisiana Department of Public Safety and Corrections, James LeBlanc, E. Hunt Correctional Center (Hunt), Gladney, and Mike Caze.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTUAL BACKGROUND

Plaintiff alleges that he requested participation in the work

release program. On December 8, 2008, Plaintiff was transferred from Winn Correctional to the West Baton Rouge work release program. Plaintiff was hired to do sandblasting and painting at a rate of twelve dollars per hour at Mansfield Industrial in Baton Rouge. He was to work eighty to eighty-five hours per week. On December 12, 2008, Plaintiff was dressed and ready for work when three officers from the work release program handcuffed Plaintiff and informed him that WCC made an error in the paperwork, and Plaintiff should not have been transferred there.

Plaintiff was taken to the local jail for two days and then transported to Hunt on December 12, 2008. Officer Gladney at Hunt told Plaintiff that he had to put Plaintiff in the "cell blocks" because he did not know what else to do with him. [Doc. #1, p.5] From December 12-15, 2008, Plaintiff was held in the "cell blocks." On December 15, 2008, Plaintiff was transferred back to WCC and placed in the "cell blocks" for two and a half weeks. On January 2, 2009, Plaintiff was placed back in the general population.

Plaintiff complains that no one has sufficiently explained to him why he was sent back from work release. He alleges that Wilkinson informed him that Mrs. Johnson of the WCC records department had made an error in sending Plaintiff to the work release program. Plaintiff alleges that he has suffered damages of lost wages, wrongful placement in the "cell blocks," and emotional and mental distress. He alleges that the incident was caused by

negligence or strict liability.

**LAW AND ANALYSIS**

I.  **Work Release**

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must first allege facts to show that a constitutional right has been violated. <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). Plaintiff attempts to present a claim that his due process rights were violated by his removal from work release. However, Plaintiff has neither a liberty nor property interest in the work release program.

Louisiana Revised Statute 15:1111, establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program." In <u>Welch v. Thompson</u>, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S. 15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit has held that "... La. R.S. 15:1111 does not create a liberty interest subject to the Due Process Clause." <u>Welch v. Thompson</u>, 20 F.3d at 644. Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a

liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that Plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument lacks an arguable basis in law and fact. The Fifth Circuit has also held that prisoners have no property interest in work-release employment. <u>Bulger v. U.S. Bureau of Prisons</u>, 65 F.3d 48 (5th Cir. 1995). Plaintiff has no constitutional right to participate in the Louisiana work-release program; his claim is frivolous.

## II. Confinement in the "Cell Blocks"

Plaintiff complains that he spent a total of two to three weeks in the "cell blocks" or solitary confinement at Hunt and Winn Correctional upon his removal from work release. Plaintiff does not have a right to a particular housing assignment. In general, inmates do not have a protected property or liberty interest in their custodial classifications. <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999); <u>Moody v. Baker</u>, 857 F.2d 256, 257-58 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988). In <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. <u>Sandin</u> at 485.

In light of Sandin, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation housing will never be a ground for a constitutional claim. Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998). Plaintiff has not alleged that his confinement in the "cell blocks" was an atypical and significant hardship in relation to ordinary prison life.

### III. Negligence

Plaintiff complains that he was returned from work release due to the negligence or strict liability of the defendants. Negligence does not support a Section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); Hare v. City of Corinth, 74 F.3d 633, 641-42, 646 (5th Cir. 1996)(negligence insufficient to support failure to protect claim under Section 1983); Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)). Moreover, Thus, supervisory officials are <u>not liable</u> under §1983 for the actions of their subordinates on theories of vicarious liability[1] or respondeat

---

[1]Vicarious liability is liability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties. Black's Law Dictionary (8th ed. 2004).

superior[2]. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994)("Vicarious liability does not apply to §1983 claims.").

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED and DISMISSED** with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from**

---

[2]Respondeat superior is the doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency. Black's Law Dictionary (8th ed. 2004).

attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE